LOUIS J. STEPHENS, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, May 4, 1915.**

1. **LIFE INSURANCE: Misrepresentations Concerning Health: Validity of Policy Provisions: Statute.** Under Sec. 6986, R. S. 1909, providing that no representation made in obtaining a life insurance policy shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the event on which the policy is to become payable, a stipulation in a policy, that no obligation is assumed by insurer, unless, on the date of the policy, insured is in sound health, is valid, and defeats a recovery on the policy, where insured was not in good health on the date of the policy, or at the time it was issued or delivered, and his death was occasioned by the malady from which he was then suffering.

2. ———: ———: **Right of Recovery: Questions for Court.** Under Sec. 6986, R. S. 1909, which provides that no representation made in obtaining a life insurance policy shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the event on which the policy is to become payable, and whether it so contributed in any case shall be a question for the jury, the court should deny a recovery as a matter of law upon a policy which provides that insurer does not assume any obligation, unless, on the date of the policy, insured was in sound health, where there is an admission by the beneficiary that, at the time the policy was issued, insured was suffering from a disease which subsequently caused his death, since, under such circumstances, there is nothing for the jury to pass upon.

3. ———: **Evidence: Conclusiveness of Proof of Death.** Proof of the death of the person insured in a life insurance policy, furnished by the beneficiary to the insurer under the policy, is admissible in evidence against the beneficiary, as admissions by him, and, when not contradicted or explained, may be conclusive against him.

190MA43

4. ————: **Misrepresentations Concerning Health: Right of Recovery:** **.Facts Stated.** Insured applied for a life insurance policy before entering a hospital suffering from diseases from which he died within two weeks. The policy, delivered the day before his death, stipulated that insurer assumed no obligation, unless, on the date of the policy, insured was in sound health. The beneficiary, in the proof of death, admitted these facts, but sought to explain them by saying that he signed the proof of death without reading it. The certificate of the attending physician, furnished by the beneficiary, disclosed the same facts. *Held*, that the admission in the attending physician's certificate was conclusive of the fact that insured was confined in the hospital, suffering from diseases from which he died, at the date of the policy and when it was delivered, precluding a recovery as a matter of law.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED.

*Nathan Frank* and *Louis B. Sher* for appellant.

(1) Proofs of death furnished to the insurance company are prima-facie evidence of the facts therein stated and are conclusive unless the beneficiary shows that the statements made therein were erroneous or were given through mistake. Almond v. Modern W. of A., 133 Mo. App. 382; Mutual Benefit Life Ins. Co. v. Newton, 22 Wall (U. S.) 22; Hassencamp v. Life Ins. Co., 120 Fed. 475; Hanna v. Life Insurance Co., 44 N. E. 1099; Walther v. Insurance Co., 65 Calif. 417; Modern Woodmen of America v. Von Wald, 6 Kan. App. 231; Hart v. Trustees, 84 N. W. 851; 3 Elliott on Evidence, sec. 2337; 2 Wigmore on Evidence, p. 1265. (2) The proofs of death furnished by the plaintiff when his claim was originally made, and introduced in evidence at the trial, showed unquestionably and without doubt, that from the 16th day of November, 1909 to the 30th day of November, 1909, the insured was suffering from cirrhosis of the liver and myocarditis, and that during that time he was confined in the city hospital of the city of St. Louis, undergoing treatment

for such diseases, and that such diseases caused or contributed to cause the insured's death. Such evidence was unimpeached and uncontradicted at the trial of this case and was corroborated by the testimony of the respondent and consequently the contents of such proofs of death offered and submitted by respondent in support of his claim were, and must now be taken, as conclusive of the facts therein stated. Almond v. Modern W. of A., supra; Benefit Association v. Sargent, 142 U. S. 691; Dennis v. Union Mutual Ins. Co., 84 Calif. 570. (3) A condition in a policy is binding upon the insured and all who claim under him to the same extent as a warranty or misrepresentation; the provision in the policy, that the company assumed no obligation unless the insured was in sound health on the date of the policy, was equivalent to a representation, and such provision is a valid one. Salts v. Prudential Ins. Co., 140 Mo. App. 142; Kilcullen v. Insurance Co., 108 Mo. App. 61; Bell v. Insurance Co., 166 Mo. App. 390; 1 Bacon Life Ins. (3 Ed.), sec. 272; Misselhorn v. Insurance Co., 30 Mo. App. 539; McGregor v. Insurance Co., 136 S. W. 889; Powell v. Prudential Ins. Co., 45 So. Rep. (Ala.) 208. (4) The word "misrepresentation" used in the statutes has been construed to embrace statements of the nature of a warranty which are introduced into the policy as a part of it. Jacobs v. Association, 146 Mo. 523; Jenkins v. Insurance Co., 171 Mo. 375; Keller v. Insurance Co., 198 Mo. 440.

*John T. Fitzsimmons* for respondent.

(1) The issue as to the liability of the appellant upon the policy in suit was fairly submitted by the court under proper instructions to the jury which by statute is the sole judge of the questions raised. Sec. 6937, R. S. 1909; Kellar v. Home Life Insurance Co., 198 Mo. 451; Lynch v. Prudential Insurance Co., 150

Mo. App. 461; Salts v. Prudential Insurance Co., 140 Mo. App. 142; Burns v. Metropolitan Life Insurance Co., 141 Mo. App. 212; Frazier v. Metropolitan Life Insurance Co., 161 Mo. App. 716; Jacobs v. Association, 146 Mo. 523; Jenkins v. Insurance Co., 198 Mo. 440. (2) One who procures insurance on his own life and pays the accruing premiums may make the benefit payable to another without regard to whether the latter has any insurable interest in the life of the insured. If Fink made application for the insurance on his life and paid the premium for the first week during which the policy was in force, the right of the beneficiary Stephens cannot be defeated on the ground that he had no insurable interest in the life of Fink. And the question whether Fink applied for the insurance and paid the premium was fairly submitted to the jury. The defense of want of insurable interest may be made only in cases in which the beneficiary procured the issuance of the policy. 25 Cyc. 703, 708; Ashford v. Metropolitan Life Insurance Co., 80 Mo. App. 638; Ryan v. Metropolitan Life Insurance Co., 117 Mo. App. 688; Insurance Co. v. Rosenheim, 56 Mo. App. 33; Singleton v. St. Louis Mutual Life Insurance Co., 66 Mo. 63; Reynolds v. Prudential Insurance Co., 80 Mo. App. 679; Whitmore, Trustee, v. Supreme Lodge Knights and Ladies of Honor, 100 Mo. 36. (3) In passing upon appellant's appeal, the court should disregard the probative force of the city hospital clinical history of Herman Fink and should also disregard the testimony of Dr. Kleinschmidt, because the trial court erred in admitting this evidence over the objection of respondent. But notwithstanding this evidence, the verdict of the jury should not be disturbed. Sec. 6362, R. S. 1909, "Persons Incompetent to Testify"; Beave v. Transit Co., 212 Mo. 331; Smart v. Kansas City, 208 Mo. 162; Frazier v. Metropolitan Life Ins. Co., 161 Mo. App. 709; Sec. 6937, R. S. 1909.

NORTONI, J.—This is a suit on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

It appears the insured, Herman Fink, died on November 30, 1909—that is, on the day succeeding the date of the policy—and the questions for consideration arise, first, on a condition contained in the policy to the effect that the company assumed no obligation thereunder unless on said date—that is, the date of the policy—the assured is alive and in sound health; and, second, the effect to be given the attending physician's certificate contained in the proof of death relating to the cause of death and the nature of the disease from which the insured was suffering when the policy was delivered.

The insured applied for the policy in suit before going to the hospital, but it was not issued until thereafter. On November 16, the insured, Fink, entered the city hospital in St. Louis and upon examination was found to be suffering from cirrhosis of the liver and myocarditis. He continued in the hospital, so suffering from such diseases, until November 30, on which day he died therefrom. Shortly before entering the hospital the insured applied for the insurance involved here in favor of plaintiff, Louis J. Stephens, who is mentioned as the beneficiary in the policy. The policy was issued after he entered the hospital—that is, of date November 29, 1909—and the agent, without knowledge of insured's condition of health, delivered it to plaintiff, the beneficiary. Plaintiff testifies that he knew the insured entered the hospital on the 16th day of November, 1909, and that he remained there under treatment until the date of his death, on the 30th of the same month, but said nothing to defendant's agent. In other words, plaintiff knew at the time, on the date of the policy and when it was delivered to him, that the insured was not in sound health but was then under treat-

ment in the hospital, and defendant did not know such fact.

Among others, the policy contains a provision as follows: "Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." Such conditions in life insurance policies were formerly sustained according to the full measure of their terms, as will appear by reference to Misselhorn v. Mut. Reserve, etc., Life Ass'n, 30 Mo. App. 589, and, indeed, are likewise sustained even now when the contract of insurance does not fall within the terms of our statute, as if made in another State, as will appear by reference to Bell v. Missouri State Life Ins. Co., 166 Mo. App. 390, 149 S. W. 33. But the broad doctrine of the earlier cases is modified by more recent decisions, which go to the effect that, in view of our statute, in order to render such condition available to defeat the insurance, it must appear that the insured was suffering at the time of the date or of the delivery of the policy, as the case may be, with a disease or diseases which contributed to his death.

The statute referred to (section 6986, R. S. 1909) provides substantially that no representation made in obtaining or securing a policy of insurance on the life of any person shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become payable, and if it so contributed in any case, shall be a question for the jury. In view of this provision, the rule of decision is established to the effect that the conditions in the policy of the character of that above copied are unavailing to the company, unless it appear that the death of the insured resulted from the malady from which he was suffering at the time the policy was issued or delivered, for otherwise such condition would thwart the purpose of the statute and impinge the declared public policy of

the State in respect of life insurance contracts. But such conditions are valid enough and will defeat the insurance when it appears the assured was not in good health on the date of the policy or at the time it was issued or delivered, as the case may be, and that the event on which it became payable—that is, his death—was occasioned as a result of the malady from which he was then suffering. In such cases the condition of the policy is interpreted in connection with the statute and enforced accordingly. [See Lynch v. Prudential Insurance Co. of America, 150 Mo. App. 461, 131 S. W. 145; Salts v. Prudential Insurance Co. of America, 140 Mo. App. 142, 120 S. W. 714.] Here it is conceded the insured entered the hospital on November 16 and that he continued there under treatment until he died on November 30, and it is conceded, too, that the policy was issued of date November 29, and delivered to the beneficiary the day before the insured died. But the court treated the matter as to whether the insured's death resulted from the same ailment that possessed him on the date of the policy as a question of fact for the jury, and ordinarily such is the proper course to pursue, for the statute (section 6986, R. S. 1909) so provides. However, in the instant case, the question so submitted to the jury is concluded against plaintiff as by an admission made by him in the proof of death furnished to defendant, which is neither contradicted nor explained.

In a statement made by plaintiff, over his own signature, when laying claim under the policy and as parcel of the proof of death, it is set forth by him that the insured entered the hospital November 16, 1909, and continued there under treatment about fifteen days, when he died, on November 30. It is stated, too, therein that he was suffering from and died of cirrhosis of the liver. But, while plaintiff does not in terms contradict this statement, he undertakes to explain it by saying that he signed it without reading and that it was written by defendant's agent. For the purposes of the case, this

statement so made and subscribed by plaintiff may be put aside entirely, for it is sufficient to consider the certificate of the attending physician, which was likewise furnished by plaintiff as part of the proof of death. This statement or certificate of the attending physician recites that the physician attended the insured fourteen days before his death, which occurred at the city hospital on November 30; that the insured entered the city hospital on November 16, 1909, suffering with cirrhosis of the liver and myocarditis, for which he was treated during the time. It recites, to, that the cause of the death of the insured in the city hospital on November 30 was cirrhosis of the liver and myocarditis. This statement of the attending physician in the hospital was furnished by plaintiff as part of the proof of death and is in no manner contradicted or explained in the record, although there is evidence tending to prove that insured was not suffering from such disease when the application for the insurance was made, two weeks before entering the hospital.

Proofs of death furnished by a beneficiary to the insurer under the policy are admissible in evidence against such beneficiary as proof by him of the truth of the statement therein contained, and when not contradicted or explained, may become conclusive against the right to recover on the policy. [See Castens v. Sup. Lodge Knights & Ladies of Honor, 190 Mo. App. 57, —— S. W. ——; Insurance Company v. Newton, 89 U. S. 32, 22 Wall. 32; Almond v. Mod. Woodmen of Am., 133 Mo. App. 382, 113 S. W. 695; Queatham v. Mod. Woodmen of Am., 148 Mo. App. 33, 127 S. W. 651.] It is true that the statements against interest of the beneficiary are prima facie only and are not to be treated as conclusive in every case, where other facts are brought forward to explain them so as to relieve against the baneful effect of such admission. [See Queatham v. Mod. Woodmen of Am., 148 Mo. App. 33, 127 S. W. 651; Bamberge v. Sup. Tribe of Ben Hur,

159 Mo. App. 102, 139 S. W. 235.] But when not so explained, the statements against interest, if sufficient as an admission to defeat the right of recovery under the law, are treated with accordingly—that is, as if such fact be true. [See Castens v. Sup. Lodge Knights & Ladies of Honor, supra; Insurance Company v. Newton, supra.]

Although plaintiff in his testimony sought to evade the force and effect of the admissions made and signed by him, there is nothing going to impair the value as an admission of the statements contained in the certificate of the attending physician, which are parcel of the same proof of death. This certificate was likewise furnished by plaintiff to defendant in support of his claim under the policy as parcel of the proof of death. The admission it contains is conclusive of the fact that the insured was confined in the hospital suffering from cirrhosis of the liver and myocarditis at the date of the policy and when it was delivered, and that he was, therefore, not then in sound health; also that he died on the following day from such diseases. Obviously no question of fact concerning this appeared for the jury to determine as it is conclusively established in such admissions that the contingency on which the policy became payable— that is, the death of the insured—resulted from the identical disease from which he was suffering at the date of the policy and time it was delivered.

The judgment should, therefore, be reversed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.