## FRED PETER HAAN v. PALLADIUM NATIONAL LIFE INSURANCE COMPANY.[1]

October 29, 1937.

No. 31,424.

[1]Reported in 275 N. W. 689.

*J. A. A. Burnquist,* for appellant.
*Edward Cohen,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was an action to recover upon a life insurance contract. Plaintiff prevailed on trial had before court and jury. Defendant's motion for new trial was denied, and the appeal is from that order.

Defendant's position can best be shown by quoting its "Statement of Issue" as set forth in its brief:

"The action involves the liability of defendant on a life insurance policy. The defendant does not claim that there is proof of any intentional misrepresentations in the application thereto attached. It does, however, contend that the insured having become ill after the signing of the application was not in good health on the date of the delivery of the insurance contract as required by its terms. It is agreed between the parties hereto that the sole issue of fact in this case is insured's condition at the time of the delivery of said policy."

The case was tried upon the theory mentioned, and as a part thereof arose the collateral issue as to whether the policy was delivered on February 17 or 18. That date, in counsel's estimation, became important because of the insured having become ill on the evening of the latter date. Examination of the record discloses that those matters presented fact issues only, and we find the jury's verdict is sustained in that regard.

This type of contract has been before this court in several cases. We have held that where, as here, an insurance policy is issued without medical examination, 1 Mason Minn. St. 1927, § 3396, governs. The pertinent part of the mentioned section reads:

"In any claim upon a policy issued in this state without previous medical examination, * * * the statements made in the application as to the age, physical condition, and family history of the insured shall be valid and binding upon the company, unless wilfully false or intentionally misleading."

In view of what counsel has stated in his brief (and the record leaves no doubt about it), the defense tendered respecting the insured's "wilful misrepresentations made in connection" with the application is unavailing. See 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 4808a. In Schmidt v. Prudential Ins. Co. 190 Minn. 239, 251 N. W. 683, substantially the same question was involved as is here presented. There the policy provided (190 Minn. 243):

"This policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned."

In this case the policy provides:

"This policy having been issued without medical examination shall be null and void if insured was not in sound health at the time of its delivery."

There too, as here, defendant's contention was "that under this clause the fact of unsound health is the controlling factor and avoids the policy even though such unsound health was unknown to the insured."

This court did not sustain that view. Amongst other things we said (190 Minn. 244):

"We agree that the company has a right to protect itself against uninsurable risks and that such may be accomplished in part by a medical examination and by independent investigation before the issuance of the policy. Where, however, the insurance company chooses to issue nonexamination policies, it can only do so subject to our statute, the effect of which cannot be avoided by the insertion in the policy of any 'condition precedent' which attempts to destroy its meaning and effect."

We deem it unnecessary to quote further from that opinion or from the cases to which reference there is made except that part appearing at p. 245 of 190 Minnesota (the quotation being from 190 Mo. App. 673, 678, 176 S. W. 253, 254):

" 'The rule of decision is established to the effect that the conditions in the policy [requiring insured to be in sound health at date of issuance of policy] are unavailing to the company, * * * for otherwise such condition would thwart the purpose of the statute and impinge the declared public policy of the state in respect of life insurance contracts.' "

The other assignments of error have been considered and found wanting in substantial merit. We think the record leaves no doubt that, even assuming the defense tendered to be admissible, the verdict has settled the issue. The jury could find that the policy was in fact delivered February 17, at which time the assured was to all appearances well. On the 18th she was suffering with a cold and sore throat, an ailment not uncommon to her as she had had such "frequently each winter" theretofore. Defendant's agent who took the application on February 1 delivered the policy in person. He saw the insured as well as her husband, collected the insurance money for the week commencing February 17, and also for the week next following.

This type of insurance is not new. It has been before many courts as reported decisions well illustrate. The subject is lucidly treated in McAlpine v. Fidelity & Casualty Co. 134 Minn. 192, 196, 158 N. W. 967. See also Enge v. John Hancock Mut. L. Ins. Co. 183 Minn. 117, 236 N. W. 207; Hafner v. Prudential Ins. Co. 188 Minn. 481, 247 N. W. 576; Elness v. Prudential Ins. Co. 190 Minn. 169, 251 N. W. 183.

Order affirmed.