THE MERCHANTS' BANK OF ST. LOUIS, Plaintiff in Error, v. MILLER W. EASLEY, Defendant in Error.

1. *Bills of exchange, action on — Failure of notice of dishonor, excuses for — Burden of proof.*—In an action against the drawer of a bill of exchange, who had received no notice of its dishonor, it was sufficient for plaintiff, in order to bring his case *prima facie* within the rule which excuses want of notice, to allege in his petition that defendant had no funds in the hands of the drawee; and if there are other facts in the knowledge of defendant neutralizing the effect of this excuse, the burden of pleading them is with him.

2. *Bills of exchange, action on — No funds in hands of drawee — Accommodation drawer — Presumptions.*— In an action against the drawer of a bill of exchange, he would be entitled to notice of dishonor, even though he had no funds in the hands of the drawee, if he were an accommodation drawer. But in the absence of countervailing testimony, he will be presumed to be an interested party. The *onus* of proving the contrary is upon him.

### Error to Third District Court.

*James F. Hardin*, for plaintiff in error, cited Byles on Bills, 203, 231–2 ; Chit. on Bills, 1st London ed., 56–8 ; *id.*, 12th Am. ed., 327 ; Morrison v. McCartney, 30 Mo. 183 ; Edw. on Bills, 449–52, and authorities there cited ; Sto. on Bills, 367–9, 310, 311 ; 3 Kent, 110, 111 ; French v. Bank, 4 Cranch, 153 ; Dickens v. Beal, 10 Pet. 572 ; Kemble v. Mills, 2 Scott, New R., 121 ; Williams v. Brashear, 19 La. 370 ; Foard v. Womack, 2 Ala. 368 ; Wollenweber v. Ketterlinus, 17 Penn. St. 389 ; Oliver v. Bank of Tennessee, 11 Humph. 74 ; Allen v. King, 4 McLean, 128 ; Durrum v. Hendrick, 4 Texas, 495 ; Miser v. Trovinger, 7 Ohio St. 281 ; Blankenship v. Rogers, 10 Ind. 333.

*James Baker*, and *T. A. Sherwood*, for defendant in error, cited 1 Pars. on Notes, etc., 555 ; 4 Cranch, 141 ; 7 Ohio St. 281 ; Smith's Merc. Law, 331–2 ; 10 Conn. 308.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs sued on a bill of exchange drawn by the defendant on a third party, by whom it was accepted. The payee and another party indorsed the bill, and it was thereupon discounted by the plaintiffs. It matured and was not paid. No notice of its dishonor was given to the defendant. The plaintiffs, to excuse this neglect, aver in their petition that the drawer had no effects in the hands of the drawee, either at the time the bill was made, or at its maturity, or at any time during the intervening period. The evidence and verdict sustain these averments. A well-understood rule of commercial law makes it the duty of the holder of a dishonored bill of exchange, immediately upon its dishonor, to notify all prior parties thereto on whom he would fix liability for ultimate payment. The plaintiffs seek to take the present case

out of this general rule, and to bring it within the scope of a well-recognized exception thereto, namely: that such notice may be dispensed with (as also presentment) where the drawer has no effects in the hands of the drawee, as the facts are alleged to exist in the present suit. (1 Sto. on Bills, § 367, and notes; 1 Pars. on Notes and Bills, 463, and cases cited.)

The allegations of the petition, which are sustained by the verdict, bring the plaintiff's case *prima facie* within this exception. But the exception itself has various qualifications, as where the drawer kept an open account with the drawee, with fluctuating balances, or has consigned to him merchandise, and was so situated in relation to the drawee that the drawer had a just and reasonable expectation that the bill would be duly provided for at maturity. In such cases the drawer is entitled to notice, notwithstanding that, in the result, these expectations entirely failed. (1 Pars. on Notes and Bills, 535 *et seq.*) The question therefore arises whether it was not the duty of the plaintiffs, by their pleadings and evidence, to exclude these qualifying circumstances, in order successfully to relieve themselves from the general rule, the effects of which they are seeking to escape. These qualifying matters, it is obvious, lie peculiarly within the knowledge of the opposite party, and are difficult of proof by the plaintiffs. It would seem reasonable, therefore, that the person possessing the knowledge should allege the qualifying facts in defense, and make proof thereof; and so the courts seem to hold. (1 Man. & Gran. 757, 771; 4 Texas, 495; 5 Ala. 712; 5 Smedes & M. 379; 1 Pars. on Notes and Bills, 550, and note *i*, p. 544.) It was enough, then, for the plaintiffs to state facts sufficient to bring the case *prima facie* within the scope of the exception. If there were other facts within the knowledge of the opposite party, neutralizing the effect of these, it was appropriately left to that party to plead them in defense.

The defendant, however, urges the further objection that he stands in the attitude of an accommodation drawer for the benefit of the other parties to the bill, and insists that he ought to have had notice for that reason. If that were his true relation to the bill, and to the other parties, there might be force in the

objection, since the failure of notice might have affected him injuriously in respect to his recourse against the real principals of the bill.

But how stands this matter? The plaintiffs aver in their petition that the bill was made for the accommodation of all the parties to it, thus apparently assuming the *onus* of proof on this point. The defendant takes issue on this averment, and denies that the bill was made for his benefit. The plaintiffs' averment might, perhaps, be treated as surplusage; but I will not consider that view, since it is not necessary to a disposition of the case. No evidence was produced on the trial bearing on this issue except the bill of exchange itself. That was in evidence. What was its effect?

The original and foundation idea of the commercial instrument called a bill of exchange is that the drawer has funds or effects in the hands of the drawee which the drawer wishes to avail himself of at the place where the bill is made—the drawer being the party primarily interested in and benefited by the transaction. By this instrument of exchange he appropriates the fund, actual or anticipated, in the drawee's hands, and receives the consideration for the appropriation from the payee to whom the instrument of appropriation is delivered. He therefore stands on the face of the paper as an interested and benefited party. His position implies this, and the paper itself is evidence of his interest— evidence that the bill was drawn for his benefit. If he would avoid the legal inference deducible from his position, he must furnish the countervailing proof to rebut and overcome these inferences. The *onus* is on him. In the absence of such countervailing proof he must be held as an interested and benefited party—as drawing for his own use. It is not to be presumed that he drew for the accommodation of others. The presumption, as already stated, is directly the other way. Situated thus, drawing for his own benefit, and having no effects with the drawee, notice to him of non-payment would have been the idlest of ceremonies.

Upon the whole case I reach these results: The defendant is not shown to be an accommodation drawer. The bill upon its

face implies the contrary.    The verdict establishes the fact that the drawee had no effects of the drawer in his hands ; and this was sufficient, *prima facie*, to excuse non-notice.    If there were qualifying circumstances, taking the case out of the exception and bringing it under the general rule, these are not shown, and the *onus* is on the defendant.

The judgment of the District Court reversing the judgment of the Circuit Court is therefore reversed, and the judgment of the Circuit Court affirmed.    The other judges concur.