STATE OF MISSOURI, Respondent, v. P. H. FULTON, Appellant.

Springfield Court of Appeals, January 3, 1911.

1. COUNTY COURTS: Jurisdiction: Presumptions. County courts are of limited jurisdiction, and their power to act is provided by the statutes, yet as to such matters as the statute places exclusively within their jurisdiction, they stand on the same footing as courts of general jurisdiction, and the same presumptions are to be indulged in favor of the regularity of their proceedings and the validity of their judgments and orders in relation to their jurisdiction as are indulged in favor of judgments and orders of a court of general jurisdiction.

2. ——: ——: ——: Local Option Elections. Jurisdiction as to all matters pertaining to local option elections in a county outside certain cities is placed by the statutes in the county court, and as to such matters the county court is on the same level as courts of general jurisdiction with reference to the presumptions that are indulged in favor of the regularity of the proceedings.

3. ———: ———: ———: Special Terms: Criminal Law: Local Option Law. The presiding judge of a county court is authorized by statute to call a special term of court and where the court proceeds to act at such meeting, the presumption will be indulged that such special term was legally called, and the burden is upon the party questioning the legality of said meeting to show that it was not properly called. So in a prosecution for violating the Local Option Law, where defendant contended that the special term of the county court at which was made the order for the publication of notices of the result of the election was not legally convened, the burden was upon the defendant to show its irregularity.

4. ———: Special Term: Business Which May Be Transacted. The statutes nowhere require that in calling a special term of a county court, the particular purpose for which it is called shall be designated, nor is the power of the court to act restricted to the matters which may have induced the call.

5. ———: ———: Discretion of Judge in Calling Special Term. The power to determine when a special term of a county court is necessary is left exclusively to the judge or judges who are authorized by law to call the term, and their discretion in making the call cannot be questioned.

Appeal from Wayne Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*John H. Raney* and *James Orchard* for appellant.

(1) The question of casting up and declaring the vote was not the business nor interest of the county. In other words, a special term could not be called, unless the business and interest of the county required it. Sec. 1785, R. S. 1899. We see no interest, business interest that the county could have in the result of a special election. R. S. 1899, section 1785, in force at the time, provides that special terms of the county court may be held whenever the business and interests of the county may require it. (2) As before stated a county court although a court of record is a court of limited jurisdiction, and everything necessary to

give it jurisdiction must appear on the face of the record. Railroad v. Young, 96 Mo. 42; Dougherty v. Brown, 91 Mo. 30.

*J. F. Meador,* Prosecuting Attorney, for respondent.

(1) The county court is a court of record, and its records import absolute verity. The burden was on the defendant to show that the court was not legally convened at the time it met in call session, or term, to find, declare, record and order published .the result of the local option election. It will be presumed that the court was properly convened. (2) Since it can be said, as was said in State ex rel. v. Mitchell, 127 Mo. App. 455, "the business and interest of the county, require," and give power to the county court to meet in special session to grant a saloon license certainly it can be said that such business and interest require the county court, and afford it power to meet at a special term, and ascertain, determine, declare, record and order published the result of a local option election, an act the statute says they shall perform.

COX, J.—Defendant was convicted on a charge of an illegal sale of liquor in violation of the Local Option Law and has appealed.

The only error urged upon our consideration in this court is one relating to the publication of notice of the result of a local option election. The order for the publication of notice was made at a special term of the couny court of Wayne county, and appellant now insists that this special term of the court was not legally convened, and, therefore, the court had no authority to act, and the order for the publication of notice was, therefore, void, and hence, the Local Option Law did not go into effect in Wayne county. The record of the court shows that on March 1, 1906, the

February term of the county court of Wayne county adjourned *sine die*. The record of the special term, at which the order complained of, was made shows the following order to have been made April 9, 1906:

"Court met pursuant to call by the presiding judge, James Grisham, with the following officers present: James Grisham, presiding judge of the county court; A. Blain, associate justice of the county court, district No. I; D. Cozart, associate justice of the county court district No. 2; Almon Ing, prosecuting attorney, and William Woods, clerk, when the following business was transacted."

No complaint is made of the form of the order for the publication, nor the proof of the fact that publication was made as directed, but the whole contention rests upon the fact that the court did not legally convene, and the position is taken that the court is a court of limited jurisdiction, and that every fact necessary to give it jurisdiction in relation to any proceeding in that court must appear by the record of the court.

We are unable to find any case in this state where this question has been directly passed upon, but the principle contended for by appellant was held in some of the early cases in this state and was made to apply to all courts of limited jurisdiction in which the county court and the probate court were placed upon an equality, and as both of these courts are courts of limited jurisdiction we take it that any rule of law applicable to one is equally applicable to the other. It was held in a number of the early cases in this state, among them Strouse v. Drennan, 44 Mo. 289; Gibson v. Vaughan, Adm., 61 Mo. 418, and several cases earlier than these, that the facts necessary to show jurisdiction of probate and county courts must appear from their records; but these cases were expressly overruled in the case of Johnson v. Beasley, 65 Mo. 250, and the principle announced in that case that while the probate and county courts are courts of limited jurisdiction and their pow-

er to act is provided by the statute, yet as to such matters as the statute places exclusively within their jurisdiction they stand on the same footing as courts of general jurisdiction, and the same presumptions are to be indulged in favor of the regularity of their proceedings and the validity of their judgments and orders in relation to the matters exclusively confided to their jurisdiction as are indulged in favor of the judgments and orders of a court of general jurisdiction. This case has been cited and the principle therein announced approved in all the later cases in this state. [Desloge v. Tucker, 196 Mo. 587, 601, 94 S. W. 283, and cases cited; Ansell v. Bridge Co., 223 Mo. 209, 227, 122 S. W. 709.]

Jurisdiction in all matters pertaining to local option elections in a county outside certain cities is placed by the statute in the county court, and under the authorities above cited, such court is on a level with a court of general jurisdiction as to such matters.

When the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction the existence of such matter will be presumed. [State v. Baty, 166 Mo. 561, 66 S. W. 428; Hadley v. Bernero, 103 Mo. App. 549, 556, 78 S. W. 64.] Applying this principle to the case in hand it would be our duty to presume, in the absence of any showing to the contrary, that the county court had jurisdiction to make the order at the time it made it, and hence, that the court had been legally convened in special term. [Hicks v. Ellis, 65 Mo. 176, 183, 184.]

The record, however, in this case is not entirely silent, but it recites that the county court met pursuant to a call by the presiding judge. The presiding judge is authorized by statute to call a special term of the court. Statute 1909, section 4088, and if the court convened pursuant to his call it was legally convened, unless he had failed to give the notice required by the statute. [Section 4089.] Whether he had given

such notice was a question of fact and if the court proceeded to act it will be presumed that it was first determined that the proper notice had been given. [State v. Baty and Hadley v. Bernero, supra.]

. The statute authorizing the calling of a special term of a county court is as follows:

"Section 4088.—The president, or any two judges, of the county court may order a special term whenever the business and interests of the county may require it."

It is contended by appellant that the casting up of the vote in a local option election and ordering the publication of notice thereof is not business of the county, and the county as such was not interested therein, and hence, the presiding judge could not call a special term of the county court for the purpose of transacting this business.

The statute nowhere requires that in calling a special term the particular purpose for which it is called shall be designated, nor is the power of the court to act restricted to the matters which may have induced the call. The provision for a special term is for the purpose of providing a means by which the court can be convened at times other than a regular or adjourned term, and when convened, it may transact any business that may be legally brought before it. Further, the power to determine when a special term is necessary is left exclusively to the judge or judges who are authorized by law to call the term and their discretion in making the call cannot be questioned.

Our conclusion is that it was not incumbent upon the state in this case to show that the notice of the special term of the county court provided by statute was given, but if, as a matter of fact, it was not given that was a matter of defense. The judgment will be affirmed. All concur.