## ABBIE GILL, Respondent, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, a Corporation, Appellant.

Springfield Court of Appeals, January 14, 1922.

1. **INSURANCE: Physician's Statement as to Cause of Death, Read and Forwarded by Beneficiary, not Binding, Where Evidence Showed it Was Not True.** Statements of a physician in a letter as to causes of insured's death, addressed to defendant, but received by the beneficiary and forwarded, did not bind the beneficiary, where there was evidence from which the jury could conclude that such statement was not true.

2. **TRIAL: Whether Plaintiff's Prima-facie Case is Destroyed is for Jury.** When a plaintiff makes out a prima-facie case, the question of whether that prima-facie case is destroyed must be left to the jury, unless such rebuttal evidence conclusively binds plaintiff.

3. **EVIDENCE: Presumption of Love of Life Not Overcome by Physician's Conclusions that Insured Died by His Own Hand.** Physician's conclusions that, deceased met death by his own hand from overdose of opium compound not sufficient to overcome the presumption of love of life.

4. **INSURANCE: Contract Made in Missouri Governed by Local Law.**
Where a fraternal beneficiary association's contract for insurance
was made in Missouri, it was governed by local law, although in-
sured died in Illinois.

5. **COURTS: Existence of Matter Necessary to Confer Jurisdiction
Presumed.** Where the record of a court of general jurisdiction
is silent about a matter necessary to confer jurisdiction, the exis-
tence of such matter will be presumed.

6. **————: Evidence That Defendant Had Agents Transacting Busi-
ness in Dunklin County Held to Give Circuit Court Therein Juris-
diction of Action Against It.** Where the evidence disclosed
that at the time a benefit certificate was sued on the associa-
tion had a camp located in Dunklin County, Missouri, it could
be inferred that the association had agents there transacting
business, which would, under the statute, give the circuit court
jurisdiction.

7. **TRIAL: Instructions to Find that Insured was in Good Standing
at the Time of Death, When Read With Instruction on Affirmative
Defense, Not Error.** In an action on a benefit certificate, where
defendant claimed insured met death by his own hand, instruc-
tions to find that insured was in good standing at the time of
his death, when amplified by instructions on affirmative defenses,
which would necessarily be a finding that insured was not in
good standing, when read together, defined the issue, and con-
tained no error.

8. **COURTS: Court Determines Question of Jurisdiction.** It is for
the court, and not the jury, to determine the question of juris-
diction.

Appeal from Circuit Court of Dunklin County.—*Hon.
W. S. C. Walker*, Judge.

AFFIRMED.

*N. C. Hawkins* for appellant.

(1) (a) It was admitted, and it was plaintiff's theory
undenied, that, the deceased (1) habitually used opiates,
and (2) had come to his death by accident but by his own
hand or act. Such being the case the certificate was
forfeited by virtue of provision 4 on the back of the cer-
tificate and the fourth division of section sixty of the

Constitution and Laws of the order. Castens v. Knights & Ladies of Honor, 190 Mo. App. 57, l. c. 66 and authorities there cited; Stephens v. Ins. Co., 190 Mo. App. 673, 678-79; Gilmore v. M. W. A., 186 Mo. App. 455; Lbr. Co. v. Railway, 243 Mo. 245-46; Mathews v. M. W., 236 Mo. Sup. 326. (b) Plaintiff's alleged cause of action was barred by virtue of section 115 (c) of the Constitution and laws of the order, and provision 5 on the back of the certificate. Dolan v. Royal Neighbors, 123 Mo. App. 147, 154, and authorities there cited. (c) The circuit court of Dunklin county had no jurisdiction over the subject-matter of the action or the person of the defendant. Roberts v. Assur. Co., 212 S. W. 390. (2) This instruction purported to cover the entire case and directed a verdict for plaintiff, and yet erroneously ignored defendant's defenses, affirmatively pleaded and sustained by substantial if not conclusive evidence and admissions. Ewen v. Hart, 183 Mo. App. 107; Underwood v. Railway, 190 Mo. App. 419; Perry v. Van Matre, 176 Mo. App. 110; Beggs v. Shelton, 173 Mo. App. 127; Enloe v. Car Co., 240 Mo. 443.

*Ira M. Morris* and *John T. McKay* for respondent.

(1) The court has jurisdiction to maintain and hear this cause, because: (a) Appellant is a resident of every county in Missouri. Sec. 6310, R. S. 1919; Gold Issue Min. & Milling Co. v. Fire Insurance Co., 267 Mo. 524; State ex rel. Grim, 239 Mo. 135; Penn. Fire Ins. Co. v. Gold Issue Min. & Milling Co., 243 U. S. 9361, Law Ed. 610. (b) The action is transitory and the circuit court of Dunklin county is a court of general jurisdiction, and even if the court did not obtain jursdiction by the filing of the suit and serving of summons, appellant entered its appearance and waived its right to object to the jurisdiction of this court when it appeared in court and agreed to a continuance; when it filed a motion after the return term to strike out respondent's amended petition; when it appeared by agreement and took part in the taking of

a deposition on behalf of respondent after the cause had been continued by agreement from the January term, the return term of said cause, to the July term, which deposition went to the merits of the cause and not to the jurisdiction of the court. Roberts v. American Nat. Assur. Co., 212 S. W. 390; Silvey v. Silvey, 192 Mo. App. 184; Stoneware Co. v. Springs Co., 172 Mo. App. 696; Morrick v. Morrick, 196 S. W. 1029; Spurl v. Burlinggame, 61 Mo. App. 75; Bankers Life Assn. v. Shelton, 84 Mo. App. 634; Montgomery v. Ins. Co., 80 Mo. App. 500; Baisley v. Baisley, 113 Mo. 544; Cook v. Globe Printing Co., 227 Mo. 521; Julian v. Kansas City Star Co., 209 Mo. 35. (c) There is no evidence in the record that defendant did not have an agent in Dunklin county, Missouri, and, therefore, was not properly sued in said county. State ex rel. v. Shields, 237 Mo. 329; State ex rel. v. Mills, 231 Mo. 493; State ex rel. v. Gantt, 274 Mo. 510. (2) The court did not err in giving plaintiff's instruction, because it fairly stated the law as applied to the facts set forth in the evidence, which was all she was required to do in as much as defendant offered and the court gave instructions sufficiently favorable to it upon all points of defense made by the pleadings. The instructions should be taken as a whole and a single instruction need not cover the whole case. Shanahan v. St. Louis Transit Co., 109 Mo. App. 228; Evers v. Wiggins Ferry Co., 127 Mo. App. 236; O'Hara v. Lamb Con. Co., 200 Mo. App. 292; Quinn v. Van Raalte, 276 Mo. 71; Dorsey v. Railway, 175 Mo. App. 150; Wilson v. Railway, 160 Mo. App. 649. (a) The court did not err in refusing appellant's instruction No. 4 because it did not correctly define the law: 1. It would make no difference whether appellant was a resident or non-resident. 2. There was no evidence upon which to base said instruction, no proof offered that there was not an agent in Dunklin County, Missouri. State ex rel. v. Gantt, 274 Mo. 510; State ex rel. v. Shields, 237 Mo. 329; State ex rel. v. Mills, 231 Mo. 493. 3. The jurisdiction is one of fact for the determination of the court and not the jury. State ex rel. v. Shields, 237 Mo. 329; State

ex rel. v. Mills, 231 Mo. 493. (3) The court did not err in overruling appellant's motion for a new trial because: 1. The court had jurisdiction of both the cause of action and the parties. 2. The action is transitory and appellant submitted itself to the jurisdiction of this court. 3. Jurisdiction is presumed unless the contrary appears by proof. 4. The court did not err in giving and refusing instructions. 5. The contract sued on in this case is a Missouri contract as shown by the evidence, entered into in Malden, Missouri, in 1896, and is therefore to be construed according to the Missouri law. Cravens v. Ins. Co., 148 Mo. 600; Harton v. Ins. Co., 151 Mo. 621; Pietri v. Seguenot, 96 Mo. App. 265; Whittaker v. Insurance Co., 133 Mo. App. 664. 6. Our statute provides all parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted shall be null and void. Sec. 2166, R. S. 1919; Karnes v. Ins. Co., 144 Mo. 413; Richardson v. Railway Co., 149 Mo. 311; Roberts v. Woodmen, 133 Mo. App. 207; Dolan v. Royal Neighbors, 123 Mo. App. 147; Summers v. Mut. Aid Assn., 84 Mo. App. 611. 7. In an action on a benefit certificate issued by a fraternal beneficiary association, as this, the plaintiff makes a prima facie case by introducing the certificate and showing the death of insured and that all assessments and dues were paid at the time, and the burden then rests upon the defendant, pleading the suicide or habitual use of opiates as a defense, to establish such defense. Castens v. Knights and Ladies of Honor, 190 Mo. App. 57; Reynolds v. Casualty Co., 274 Mo. 83; Bear, et al. v. Sovereign Camp, W. O. W., 230 S. W. 369. (4) When circumstantial evidence only is relied on, the defense fails unless the circumstances exclude with reasonable certainty any hypothesis of death by accident. Reynolds v. Casualty Co., 274 Mo. 83; Bear v. W. O. W., 230 S. W. 369. (a) The defense became a question of fact to be submitted to the jury and their verdict is binding if there

is any evidence upon which to base it. Gannon v. La-
clede Gas Light Co., 145 Mo. 502; Troll v. Home Circle,
161 Mo. App. 719; Castens v. Ins. Co., 190 Mo. App. 65;
Kellar v. St. L. Butchers Supply Co., 229 S. W. 173.
(b)   The presumption of love of life is so great that to
overcome this presumption there must be some fact offer-
ed that is inconsistent with any other theory than that
the act complained of was done with suicidal intent and
was not accidental.

FARRINGTON, J.—The plaintiff secured a judg-
ment in the circuit court of Dunklin county against the de-
fendant, which is a fraternal beneficiary association or-
ganized under the laws of Nebraska and licensed to trans-
act business in the State of Missouri.

The recovery was based on a certificate which was
issued on the life of Henry A. Gill by the local Camp at
Malden, Dunklin county, Missouri, dated September 10,
1896.   The plaintiff made a prima-facie case by showing
the death of her husband, which was on July 1, 1918;
that his dues were all fully paid up at that time and
that she was the beneficiary.   The amount of the insur-
ance was $1000.   The defendant association appeals from
the judgment, assigning several grounds for a reversal,
which we will take up in the order arranged in its brief.

First, on the demurrer to the evidence.   It is con-
tended that the court should have sustained a demurrer
offered by defendant at the close of the evidence, on the
ground that the certificate provided that if the member
habitually uses opiates, cocaine, chloral or other narcot-
ics, or poison, the certificate shall be null and void.
This contention is based on the ground that plaintiff her-
self admitted that her husband was addicted to the use
of narcotics and hence there was no question to go to
the jury and the court should have directed a verdict for
the defendant.   This contention is based on the following
evidence in the case:   After the death of plaintiff's
husband, the family doctor, B. E. Garrison, of Wayne
City, Ill., which was the residence of the deceased and

plaintiff at the time of the death, wrote a letter addressed to the clerk of the Camp of defendant at Malden, Missouri, but sent it to the plaintiff. The plaintiff admitted that she received the letter and read it and then forwarded it on to the defendant's clerk. In that letter it is stated the husband of plaintiff died from an overdose of opium compound, and the letter further stated as a fact that he was a narcotic and was addicted to the use of opium. Conceding, for the disposition of this case, that when these statements were made in a letter which the plaintiff herself first received and read, and was by her delivered to the defendant, that such statements would be treated as her own statements and admissions, and in the absence of any contradictory evidence, or evidence tending to explain or throw doubt on such written admissions, she should be barred from recovery under the wholesome rule laid down in a line of cases, such as Castens v. Knights & Ladies of Honor, 190 Mo. App. 75, 175 S. W. 264; Stephens v. Insurance Co., 190 Mo. App. 675, 176 S. W. 253; Gilmore v. Modern Brotherhood of America, 186 Mo. App. 445, 171 S. W. 629; Matthews v. Modern Woodmen, 236 Mo. 326, 139 S. W. 151. Yet on an examination of the record we find that there is evidence from which a jury could draw the logical conclusion that such a statement was not true and that the deceased was not addicted to narcotics. We refer to the evidence of the plaintiff in which she testified that she was not at home when her husband died, had left a few days before, and that all she knew about his death was what someone else told her, and that she did not know that her husband had been in the habit of taking narcotics.

The rule is well established that when a plaintiff makes out a prima-facie case the question of whether that prima-facie case is destroyed must be left to the jury, unless such rebuttal evidence conclusively binds plaintiff. [See Gooden v. Modern Woodmen, 194 Mo. App. 666, 189 S. W. 394.]

In the case of Holmes v. Protected Home Circle, 199 Mo. App. 528, 204 S. W. 202, it was held that the evidence furnished by plaintiff there in forwarding the

statement of the physician with the proofs of death that the deceased died from the effect of morphine, did not conclusively bind plaintiff when it was shown (see l. c. 534) that his fellow workmen and associates, who had known him for a long time and had seen him from day to day, testified that they had never seen any indications of the use of narcotics. We therefore hold that, conceding that the doctor's statement in the letter that deceased was a narcotic, was plaintiff's statement when she furnished it to the defendant, yet that could not conclusively bind her when it is shown that the wife of a man who has lived with him for years had no knowledge of his using narcotics.

It is next contended by the appellant that the evidence conclusively shows that plaintiff's husband came to his death by his own hand or act. The evidence referred to were the affidavits of the attending physician, a relative and the beneficiary. These affidavits stated that his death came from an overdose of opium compound. This in no way is evidence that the deceased met his death by his own hand. The only other evidence in the case from which this inference could be drawn was that of a letter from Dr. Garrison, which on its very face shows that his statements were merely his own deductions and conclusions, drawn from circumstances. Such evidence is far from being sufficient to overcome the presumption of love of life and falls far short of showing that his death was caused by an accident at his own hand.

It is next contended that the demurrer should have been sustained, because there was a provision in the policy that no suit could be brought after a year had elapsed from the date of the death, it being shown that the suit in this case was filed something over one year from the time of her husband's death. The ground upon which appellant raised this propostion is that the contract was an Illinois contract, and that under the laws of Illinois such provisions in insurance contracts are valid and enforceable. We cannot uphold the contention, however, because the facts show that this man was initi-

ated and lived in Malden, Missouri, at the time he became a member of the association, and at the time the policy was delivered to him, and that he had paid dues on said policy for years in Missouri, and had only left Missouri some three years prior to the date of his death. The law of Illinois in no way applies to this policy as it was a Missouri contract. The point is ruled against appellant.

It is next contended that the circuit court of Dunklin county had no jurisdiction over this action or the person of defendant. We cannot sustain this, because the circuit court of Dunklin county, being a court of general jurisdiction, the presumption will prevail that it had jurisdiction of this cause when the record does not affirmatively makes it appear that it had no jurisdiction. [See State v. Baker, 246 Mo. 357, 152 S. W. 46.] As said in the case of Davidson v. Schmidt, 256 Mo. 1. c. 19, 164 S. W. 577, "The circuit court is a superior court of general jurisdiction and nothing will be presumed to be without its jurisdiction." When the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction, the existence of such matter will be presumed. [State v. Fulton, 152 Mo. App. 345, 133 S. W. 95; In re Ford, 157 Mo. App. 141, 137 S. W. 32.]

It is clearly decided in the opinion rendered by Judge FARIS, in State ex rel. v. Gantt, 274 Mo. 490, 203 S. W. 964, that where a non-resident insurance corporation is sued in Missouri, in order for a circuit court to have jurisdiction, the cause of action must have accrued in the county where the suit is brought, or it must be shown that the company had some agent or officer in the county transacting the usual and customary business of the company. In our case it is shown that the death did not occur in Dunklin county, therefore the cause of action did not accrue there, but there is nothing appearing in the record to show that the defendant did not have an agent or officer in Dunklin county transacting its usual and customary business. In the Gantt case (274 Mo. 490), the Supreme Court denied a writ of prohibition because it was not presumed that the defendant in that

case did not have agents and officers transacting its usual and customary business in Audrain county. Aside from this, the record in our case does show that when the certificate sued on was issued the defendant did have a Camp located in Malden, Dunkln county, Missouri, transacting its usual and customary business. And it is further shown that after the husband's death the plaintiff in this case furnished papers concerning his death to the clerk of the local Camp at Malden, Dunklin county, Missouri. This is certainly evidence from which it could be inferred that the defendant did have agents in Dunklin county transacting its usual and customary business, which, of course, would under the statute and holding of the Supreme Court give that court jurisdiction of the cause. There is no merit in defendants' plea to the jurisdiction.

Objection is made to the plaintiff's instructions. Upon reading the same we find that these instructions declare the law of the case to the jury.

Instruction No. 1 required the jury, among other things, to find that the deceased was in good standing at the time of his death. This, of course, was amplified in defendant's instructions which were given telling the jury that if they found that he was an habitual user of opiates, they must find for the defendant; or that he intentionally took an overdose of opium they must find for the defendant, and that unless they found that the statement made by Dr. Garrison that the deceased was a habitual narcotic had not been denied or explained, his statement would bind the plaintiff and bar a recovery. These are the affirmative defenses raised by the defendant, and a finding for it on the instructions would necessarily be a finding that plaintiff was not in good standing at the time of his death. The instructions of plaintiff and defendant, when read together, clearly defined the issues to the jury to be found and contain no reversible error.

It was proper for the court to refuse defendant's instruction No. 4, because it is for the court, and not the jury, to determine the question of jurisdiction.

All things being considered, we find that this case was well tried, and that the verdict is for the right party and should be affirmed, and it is so ordered.

*Cox, P. J.,* and *Bradley, J.,* concur.